8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert WEBER, Defendant-Appellant.
 No. 92-50325.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 1, 1993.
Decided Oct. 1, 1993.
 
 Before: TANG, CANBY AND BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gilbert Weber challenges his conviction on three counts of threatening the President under 18 U.S.C. § 871(a). Weber claims that there was insufficient evidence to support his conviction. Weber also contends that the jury instruction on the reasonable person standard as well as evidentiary rulings constituted error. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Whether a given form of written expression constitutes a true "threat" under § 871(a) is ordinarily a question for the trier of fact under all of the circumstances. Roy v. United States, 416 F.2d 874, 877-78 (9th Cir.1969).
 
 
 4
 When reviewing the sufficiency of the evidence we must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992).
 
 
 5
 Weber points out that the three letters forming the basis of the indictment do not mention the President by name or office. While the three letters do not contain explicit references to the President, they contain references to a group of conspirators and statements expressing Weber's desire to "make it happen," "slam," and effect a "clean sweep." Witnesses familiar with prison jargon testified that these were terms inmates commonly used when intending to kill or harm others. Other letters introduced into evidence supported the finding that the threatened group included, among many others, the President as well as Val Daugherty, Weber's former lawyer. Subsequently, the government introduced evidence that Weber had already shot Daugherty. Considering Weber's statements "under all of the circumstances," a rational jury could have concluded beyond a reasonable doubt, as did this jury, that Weber knowingly and willfully made true threats against the President in violation of § 871(a).
 
 
 6
 Weber contends, however, that his statements were equivocal or vague and, as such, could not, as a matter of law, support a conviction under § 871(a). This argument invokes the First Amendment concerns implicated by a criminal statute proscribing conduct consisting merely of communications.
 
 
 7
 Weber is correct that the First Amendment can be implicated in 18 U.S.C. § 871(a) prosecutions. See United States v. Merrill, 746 F.2d 458, 462-63 (9th Cir.1984), cert. denied, 469 U.S. 1165 (1985). A few cases may be so clear that they can be resolved as a matter of law. Id.; see e.g. Watts v. United States, 394 U.S. 705 (1969). However, insofar as "there was no overtly political context for [Weber's] letters[,]" United States v. Kosma, 951 F.2d 549, 554 (3rd Cir.1991), this, unlike Watts, is not one of the few cases where a statement can be declared not to be a true threat as a matter of law. Consequently, it was for the trier of fact to determine, under all of the circumstances, whether Weber's statements constituted true threats. Any ambiguity was resolved by the trier of fact when the jury found Weber guilty of violating § 871(a).[1]
 
 II
 
 8
 Weber argues that the district court's instruction on the intent requirement of § 871(a) "runs counter to the great weight of Ninth Circuit authority." He contends that the district court committed error in rejecting his proposed jury instruction, calling for the jury to consider only the information known to the communication's intended recipient, Weber's son Darrin.
 
 
 9
 We have not resolved whether a district court's denial of a proposed jury instruction is reviewed de novo or for an abuse of discretion. United States v. Streit, 962 F.2d 894, 897 (9th Cir.1992). We need not resolve this question since we affirm the district court under either standard.
 
 
 10
 The instruction given by the district court, Ninth Circuit Model Instruction No. 8.16,[2] was correct. In Merrill, we reaffirmed that we use an objective standard to construe the requirement that the defendant's actions be "willful" in prosecutions under § 871(a), which we interpreted to require "only that the defendant intentionally make a statement ... in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm upon ... the President." 746 F.2d at 462.
 
 
 11
 The slightly different phrasing between these statements of the test denotes nothing of significance that would be helpful to Weber. Weber would have been no better off if the district court had instructed the jury that the intent requirement was satisfied only if a reasonable person would foresee that the statement would be interpreted "by those to whom the maker communicates the statement." The letters introduced into evidence indicated that Weber was aware that government officials were reading his mail. The jury thus would have been entitled to consider how those officials would have interpreted Weber's statements. The district court did not abuse its discretion in rejecting the proposed instruction.
 
 III
 
 12
 Weber claims the district court erroneously admitted prior acts evidence under FRE 404(b) relating to his conviction for shooting his former attorney, Daugherty. We review evidentiary rulings for abuse of discretion, United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991). We review the district court's balancing of the probative value of evidence against its potential prejudicial harm under the same standard. United States v. Shirley, 884 F.2d 1130, 1132 (9th Cir.1989).
 
 
 13
 "Other acts" evidence is not admissible unless proof of the other crime is clear and convincing, the prior conduct was not too remote, the prior conduct is similar to the offense charged, and the evidence goes to prove an essential element of the offense. United States v. Miller, 874 F.2d 1255, 1268 (9th Cir.1989). Since an actual intent to inflict harm is not an element of the offense, United States v. Gordon, 974 F.2d 1110, 1117 (9th Cir.1992), Weber argues that the "other acts" evidence should not have been admitted and characterizes it as inflammatory and extremely prejudicial.
 
 
 14
 This argument ignores the fact that the government was required to prove that Weber made a "true threat" and acted willfully. First, since the attorney, Daugherty, was, to Weber's mind, a conspirator, the evidence relating to the shooting went to prove that Weber's threats against another conspirator, the President, were true threats contemplated by § 871(a). Moreover, since Weber's son, Derrin, was present during the attack on Daugherty, evidence relating to the shooting also tended to show that a reasonable person in Weber's shoes would foresee that his son would understand that the statements in the letters as "a serious expression of an intention to [harm] ... the President...." Finally, any unduly prejudicial effect from this evidence was carefully circumscribed by the district court's limiting instructions to the jury. The district court did not abuse its discretion in admitting this evidence.
 
 IV
 
 15
 We need not review the merits of Weber's provisional sentencing claims under the Eighth Amendment since he has been released from custody.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Weber also argues that the lack of an attempt to communicate the threats directly to the President precludes conviction under § 871(a). This argument misapprehends precedent in this circuit. Threats need not be communicated to the President to constitute "true threats." Merrill, 746 F.2d at 461-62
 
 
 [2]
 In pertinent part, Model Instruction 8.16 reads: "under the circumstances in which the threat was made a reasonable person would foresee that it would be understood by persons hearing or reading it as a serious expression of an intention to bodily injure ... the President...."